PADOVANO, J.,
concurring.
I believe that the probation revocation order must be reversed, because I am unable to find any evidence in the record to support the state’s charge that the defendant moved from her residence without permission. As I read the record, the most the state proved was that a probation officer assigned to the case during a part of the defendant’s probationary term had no knowledge that permission may have been given.
The defendant testified that she was evicted from her residence in October 2002, and that she called the probation office when she received the eviction notice. She said that she spoke with the officer of the day and was told that the Department of Corrections was in the process of assigning a new probation officer to her case. The defendant further testified that she had advised the Department of several previous moves by the same method (calling the office) and that the officers never objected as long as she was not moving out of Pensacola.
I agree, as the dissent points out, that the trial judge was not required to believe the defendant’s testimony. The problem with the state’s argument in this case, however, is that there is no evidence that the defendant did not get permission to move. The probation officer who testified at the hearing was not assigned to the defendant’s case until November 2002. She testified that she did not give the defendant permission to move, but this testimony has little force, given the fact that she wasn’t even supervising the defendant at the time of the move.
Perhaps if there had been some evidence that the Department has a policy of maintaining records of calls like the one the defendant says she made, it would be easier .to prove the charge. In that event, the absence of a record would have some probative value. But there was no testimony about any policy of recording calls like this. Likewise the charge would have been easier to prove if the probation order required a defendant to obtain written permission to move. If that were the case, a charge that a probationer did not have permission to move could be proven by the absence of a written record of the permission. But that is not the case; the order does not require a probationer to obtain permission in writing.
We are left then with the probation officer’s testimony that she did not have personal knowledge of the fact that the defendant may have obtained permission to move. This testimony does not prove the defendant failed to obtain permission. The burden of proof in a probation violation hearing is very low, but there must be at least some evidence to support the charge. In this case, there is not.